**21SL-CC01759**

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **PAUL WINFREY,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **SCOTT USA, INC.** | ) Cause No. |
| <u>Serve:</u> | ) Div. No. |
| Registered Agent | ) |
| CT Corporation System | ) JURY TRIAL DEMANDED |
| 1108 South Union Avenue | ) |
| Midvale, UT 84047 | ) |
| OR | ) |
| Registered Agent | ) |
| The Corporation Trust Company | ) |
| 1209 Orange Street | ) |
| Wilmington, DE 19801 | ) |
| and | ) |
| | ) |
| **SWIM BIKE RUN, LLC** | ) |
| <u>Serve:</u> | ) |
| Owner Sally Drake or any Managing Agent | ) |
| Swim Bike Run | ) |
| 14830 Clayton Rd | ) |
| Chesterfield, MO 63017 | ) |
| | ) |
| Defendant. | ) |

## <u>PETITION</u>

COMES NOW Plaintiff PAUL WINFREY, and for his Petition for strict product liability, breach

of warranty, and negligence against Defendants, states as follows:

1. Plaintiff is a resident of St. Louis County and a citizen of Missouri.

2. Defendant SCOTT USA, INC. ("Scott") is a Delaware Corporation with its principal place of

business in Utah.  Defendant Scott is a citizen of both Delaware and Utah.  Defendant Scott's

parent company, Scott Sports SA, is corporation with its principal place of business in Givisiez,

Switzerland.

1

**Exhibit A**

Electronically Filed - St. Louis County - April 19, 2021 - 06:16 PM

3.  Defendant Scott is a manufacturer, marketer, distributor, and seller of sports equipment and sportswear, including bicycles.

4.  Defendant SWIM BIKE RUN LLC is a Missouri limited liability corporation with its principal place of business in St. Louis County, Missouri.  SWIM BIKE RUN, LLC is a citizen of Missouri.

5.  SWIM BIKE RUN, LLC is a retail store which sells bicycles, including but not limited to bicycles manufactured and/or distributed by SCOTT.

6.  This cause of action accrued in Eureka, Missouri, which is within St. Louis County, Missouri.

7.  *In Personam* Jurisdiction is appropriate in Missouri Courts over SCOTT USA, INC. and SWIM BIKE RUN, LLC because Defendants sold, marketed, and distributed their bicycles and other equipment and sportswear in the State of Missouri; entered into contracts in Missouri; have substantial and continuing business in Missouri; committed one or more torts in Missouri; sold defective products in Missouri; sent correspondence to Missouri; marketed a website for their merchandise accessible to Missouri customers; sold bicycles and other equipment and gear to individuals and companies in Missouri, and otherwise took advantage of Missouri for their own pecuniary gain.  In addition, the specific contacts with Missouri directly relate to the facts of this accident here—namely, sale of a defectively manufactured and designed mountain bicycle with inadequate warnings in Missouri for ultimate sale to Plaintiff.  Said contacts are more than sufficient to satisfy the "minimum contacts" requirements of both the Due Process Clauses of the Constitution(s), as well as the Missouri long-arm jurisdiction statute.

8.  Venue is appropriate in St. Louis County Circuit Court because Plaintiff was first injured in St. Louis County, Missouri, and Plaintiff purchased the defective bicycle in question from SWIM BIKE RUN, LLC in St. Louis County, Missouri.

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

<u>GENERAL FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS</u>

9.  In 2020, Plaintiff PAUL WINFREY purchased a Scott mountain bicycle from SWIM BIKE

RUN, LLC at its retail store located at 14830 Clayton Rd, Chesterfield, MO 63017, in St. Louis

County, Missouri.

10. At the time of sale, PAUL WINFREY was not advised by SWIM BIKE RUN, LLC of any

problems with the bicycle, and no defects were immediately apparent to Plaintiff.

11.  Plaintiff Paul Winfrey performed a "bounce test" on the bicycle as required by the Scott

Owner's Manual and everything seemed fine.  Winfrey did not hear any rattling noises or

anything to suspect that the rear suspension or shock had any problems.  Every time PAUL

WINFREY used his bicycle, he inspected it first to make sure it had no apparent problems.

12.  Pursuant to the Scott Owner's Manual, the rear shock of the bicycle must be adjusted by the

retailer to the rider's weight, sitting posture, and intended use.

13.  SWIM BIKE RUN, LLC performed such an adjustment and tune-up of the bicycle.  SWIM

BIKE RUN, LLC reported no problems with the bicycle to Plaintiff.

14.  At no time between the date of purchase and July 25, 2020, did Plaintiff do anything with his

bicycle to damage it in any way.  The bicycle performed fine in the few times Plaintiff had used

the bicycle from the date of purchase to July 25, 2020.

15.  On July 25, 2020, Plaintiff PAUL WINFREY was riding his Scott mountain bicycle (Serial

Number GU1700088) in Eureka, Missouri, in St. Louis County, on the "GORC Trails."  The

specific trail was the "Bluff View/ Zombie Trail."

16.  The weather was clear.  It was not raining.  There was no mud on the trail.

17.  Plaintiff is an experienced mountain bike rider.

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

18.  Plaintiff was operating his mountain bike in a completely safe manner.  Plaintiff did nothing to cause the bike to crash.

19.  Suddenly and without warning, the rear wheel of the bicycle pushed up into the seat and locked, throwing Plaintiff off the bicycle.  As a result, Plaintiff PAUL WINFREY fractured both wrists and sustained serious injuries.

20.  When Plaintiff got up from the ground and examined his bicycle, he noticed that the "eyelet bolt" was missing from its hole on the rear shock of the bicycle.

21.  Normally, the eyelet bolt is not assembled into the bicycle by the retailer.  Instead, the eyelet bolt is supposed to come tightly assembled, fastened, and intact on the bicycle from the manufacturer at initial sale.  The eyelet bolt is supposed to be tightly assembled, fastened and intact when it is finally sold and delivered to the retailer. If the eyelet bolt is loose when delivered to the retailer, the retailer has a duty to inspect and fix the loose bolt.

22.  The retailer is supposed to perform an inspection of the bicycle when it receives the bicycle from SCOTT USA, INC., to ensure there are no obvious defects.

23.  Obviously, the eyelet bolt is not supposed to come out when the bike is used in a manner reasonably anticipated.  The bicycle was used here in a manner reasonably anticipated.

24.  It appears that over bumpy terrain, the eyelet bolt fell out of its hole on the rear shock, causing the rear assembly to become unstable, resulting in the accident.

<u>COUNT I</u>
(SCOTT USA, INC.--Strict Product Liability—Manufacturing Defect)

25.  Plaintiff incorporates by reference paragraphs 1 through 24 as if more fully set forth herein.

26.  Defendant SCOTT USA, INC., upon information and belief, manufactured and assembled the subject Bicycle, including the malfunctioning eyelet bolt.

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

27.  To the extent that SCOTT USA, INC. was not the manufacturer, but merely a distributor of bicycles manufactured by its affiliated or parent corporation in Switzerland, then, alternatively, SCOTT USA, INC. was a seller in the stream of commerce of a defectively manufactured bicycle and is liable in strict product liability on that basis.

28.  Defendant SCOTT USA, INC. sold the mountain bicycle in the course of its business.

29.  The mountain bicycle was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use.

30.  The bicycle was used by Plaintiff in a manner reasonably anticipated.  In fact, the Owner's Manual specifically stated that this mountain bike was intended to be used on, and was appropriate for, off-road trails.

31.  Plaintiff was damaged as a direct result of such defective condition as existed when the bicycle was sold by Defendant—namely, the eyelet bolt was not properly assembled.

32.  The defect in the manufacture of the Plaintiff's mountain bicycle proximately and directly caused and/or directly contributed to cause Plaintiff's injuries and damages, which include:

(a) fracture of navicular scaphoid bone of right wrist;

(b) fracture of distal pole of navicular scaphoid bone of left wrist;

(c) sprain of right and left wrists;

(d) contusions and bruises, including a contusion to the left foot;

(e) lacerations, including a laceration on the head;

(f) the need for past and future medical treatment, including emergency care;

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

(g) the incurring of both past and future medical bills;

(h) lost wages and impairment of future lost wages;

(i) past and future impairment of enjoyment of life;

(j) past and future pain and suffering;

(k) past and future emotional distress;

(l) other non-economic damages.

WHEREFORE, Plaintiff prays for judgment in his favor against Defendant SCOTT USA, INC. on Count I, for compensatory damages in excess of $25,000 in an amount which is fair and reasonable to compensate him for his damages and losses, court costs, pre-judgment and post-judgment interest, and such other and further relief as the Court deems just and proper.

<u>COUNT II</u>
(SCOTT USA, INC. -- Strict Product Liability Design Defect)

33.  Plaintiff incorporates by reference herein Paragraphs 1 through 32 as if more fully set forth herein.

34.  Upon information  and belief, Defendant SCOTT USA, INC. designed the subject bicycle.

35.  In the alternative, even if SCOTT USA, INC. sold a bicycle designed by its affiliated or parent corporation in Switzerland, then it is liable under strict product liability as a seller in the stream of commerce of a defectively designed bicycle.

36.  Defendant SCOTT USA, INC. sold a mountain bicycle in the course of its business.

37.  The mountain bicycle was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use due to its defective design.

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

38.  The bicycle was used by Plaintiff in a manner reasonably anticipated.  In fact, the Owner's Manual specifically stated that this mountain bike was intended to be used on, and was appropriate for, off-road trails.

39.  The manufacture and design of mountain bicycles like Plaintiff's bicycle is subject to international industry standards.  In particular, *International Standard ISO 4210*, which includes mountain bicycles, *Section 4.7.1 and/or 4.8.1*, specifically provides that "*The design [of suspension frames] shall be such that if the spring or damper fails, neither the tyre [sic] shall contact any part of the frame nor the assembly carrying the rear wheel become detached from the rest of the frame.*"

40.  Plaintiff's mountain bicycle from SCOTT USA, INC. was defectively designed and violated this industry standard in that:

> (a) the eyelet bolt was not designed to be tightly fastened so that it would stay intact on bumpy off-road terrain;

> (b) the eyelet bolt did not have a failsafe design that would ensure the stability of the bike if the eyelet bolt came out and failed;

> (c) the bicycle was designed in such a way that once the eyelet bolt failed, the rear of the bicycle came up and contacted the frame/saddle of the bicycle causing it to become totally unstable.

41.  There were other, safer designs which were widely available and could have been used by SCOTT USA, INC., and which were part of the state of the art.

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

42.  Plaintiff was damaged as a direct result of such defectively designed condition as existed when the bicycle was sold by Defendant—namely, the bicycle was defectively designed.

43.  The defective design of the Plaintiff's mountain bicycle directly caused and/or directly contributed to cause Plaintiff's injuries and damages, which include:

(a) fracture of navicular scaphoid bone of right wrist;

(b) fracture of distal pole of navicular scaphoid bone of left wrist;

(c) sprain of right and left wrists;

(d) contusions and bruises, including a contusion to the left foot;

(e) lacerations, including a laceration on the head;

(f) the need for past and future medical treatment, including emergency care;

(g) the incurring of both past and future medical bills;

(h) lost wages and impairment of future lost wages;

(i) past and future impairment of enjoyment of life;

(j) past and future pain and suffering;

(k) past and future emotional distress;

(l) other non-economic damages.

WHEREFORE, Plaintiff prays for judgment on Count II against Defendant SCOTT USA, INC., for compensatory damages in excess of $25,000 in an amount which is fair and reasonable to

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

compensate him for his damages and losses, court costs, pre-judgment and post-judgment interest, and such other and further relief as the Court deems just and proper.

COUNT III
(Defendant SCOTT USA, INC.—Strict Product Liability—Failure to Warn)

44.  Plaintiff incorporates by reference Paragraphs 1 through 43 as if more fully set forth herein.

45.  Defendant SCOTT USA, INC. sold the mountain bicycle in the course of its business.

46.  The mountain bicycle was then unreasonably dangerous when put to its reasonably anticipated use without knowledge of its characteristics.

47.  Defendant SCOTT USA, INC. did not give an adequate warning of the danger, and failed to advise users of the bicycle that:

> (a) the eyelet bolt could fall out rendering the bicycle unstable;

> (b) the mountain bike could fall apart in bumpy conditions;

> (c) certain steps or tests needed to be taken to ensure that the eyelet bolt was intact and not loose.

48.  The product was used in a manner reasonably anticipated.

49.  Plaintiff PAUL WINFREY was damaged as set forth above as a direct and proximate result of the mountain bicycle being sold without an adequate warning.

WHEREFORE, Plaintiff prays for judgment on Count III against Defendant SCOTT USA, INC., for compensatory damages in excess of $25,000 in an amount which is fair and reasonable to compensate him for his damages and losses, court costs, pre-judgment and post-judgment interest, and such other and further relief as the Court deems just and proper.

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

COUNT IV
(Defendant SCOTT USA, INC.—Negligent Manufacture, Design and Failure to Warn)

50.  Plaintiff incorporates by reference herein Paragraphs 1 through 49 as if more fully set forth herein.

51.  Defendant SCOTT USA, INC. manufactured, designed, and provided warnings for the Plaintiff's mountain bicycle.

52.  The bicycle at the time of sale had an eyelet bolt which was loose or had the propensity to come loose during off-road terrain.

53.  Defendant knew of the propensity for the eyelet bolt to become detached and render the bicycle unstable, as well as the reasonably foreseeable risk of injury from such a defect.

54.  Defendant owed a duty of ordinary care to users of the bicycle to ensure that the product was safely manufactured and designed, and a duty to warn the users of any dangers.

55.  The Scott User's Manual nowhere warned any user of the propensity for the eyelet bolt to become detached, or that the mike could fall apart on bumpy terrain, or that any particular step was necessary to make sure that the eyelet bolt stayed intact.

56.  Defendant breached its duty of ordinary care and was negligent and careless in the following respects:

(a) negligently failing to tighten the eyelet bolt correctly in the manufacturing process;

(b) negligently failing to design the bicycle with fail-safe mechanisms so that if the eyelet bolt failed, the bicycle would not become unstable;

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

(c) negligently designing the bicycle so that the eyelet bolt could easily detach in off-road

terrain;

(d) negligently failing to warn users of the bicycle of the propensity for the eyelet bolt to

fall off and render the bicycle unstable, thereby leading to possible injury;

(e) failing to otherwise exercise care and safety relating to the manufacture, design,

distribution, sale, and warning for this mountain bicycle.

57.  As a direct and proximate result of the negligence as set forth above, Plaintiff was injured

and damaged as set forth above.

WHEREFORE, Plaintiff seeks judgment in its favor against Defendant SCOTT USA, INC. on

Count IV, for compensatory damages in excess of $25,000 in an amount which is fair and

reasonable to compensate him for his damages and losses, court costs, pre-judgment and post-

judgment interest, and such other and further relief as the Court deems just and proper.

<u>COUNT V</u>
(Defendant SCOTT USA, INC.--Breach of Implied Warranty of Merchantability for its Ordinary
Purposes under Missouri Uniform Commercial Code *Rev. Stat. Mo. Sec. 4.2-314*)

58.  Plaintiff incorporates Paragraphs 1 through 57 as if more fully set forth herein.

59.  In *Groppel Co. v. U.S. Gypsum Co.,* 616 S.W.2d 49, 58 (Mo. App. 1981), the Missouri

Court of Appeals abolished the vertical privity requirement for the implied warranty of

merchantability, meaning that the ultimate user can sue the manufacturer or distributor for

economic losses resulting from the breach of the implied warranty of merchantability even

though the two parties are not in privity.

60.  *Rev. Stat. Mo. Sec. 400.2-314* requires that all goods sold by a merchant must be

"merchantable" for their ordinary purposes.

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

61.  Defendant SCOTT USA, INC. sold and SWIM BIKE RUN LLC purchased a mountain bicycle. SCOTT USA, INC. is a "merchant" of mountain bicycles.

62.  When sold by SCOTT USA, INC., the mountain bicycle was not fit for one of its ordinary purposes, which was riding on off-road trails.  As a result, the mountain bicycle was not merchantable.

63.  SWIM BIKE RUN LLC ultimately sold the mountain bicycle to Plaintiff.

64.  SCOTT USA, INC. should have reasonably expected that SWIM BIKE RUN, LLC would ultimately sell the bicycle to one of its retail customers such as Plaintiff PAUL WINFREY.

65.  Plaintiff used the bicycle for one of its ordinary purposes, namely off-road trail riding.

66.  Within a reasonable time after Plaintiff knew or should have known that the product was not fit for its ordinary purpose, Plaintiff gave Defendant SCOTT USA, INC. notice thereof.

67. As a direct result of the mountain bicycle being unfit for one of its ordinary purposes, and as a result of the violation of the implied warranty of merchantability for its ordinary purposes in *Rev. Stat. Mo. Sec. 400.2-314*, Plaintiff was harmed, injured and damaged as set forth above.

WHEREFORE, Plaintiff seeks judgment in its favor against Defendant SCOTT USA, INC. on Count V, for compensatory damages which are permissible for a warranty violation, for a reasonable amount in excess of $25,000, said amount which is fair and reasonable to compensate him for his damages and losses, court costs, pre-judgment and post-judgment interest, and such other and further relief as the Court deems just and proper.

<u>COUNT VI</u>
(SWIM BIKE RUN LLC--Breach of the Implied Warranty of Fitness for a Particular Purpose Under Missouri Uniform Commercial Code *Rev. Stat. Mo. Sec. 400.2-315*)

68.  Plaintiff incorporates Paragraphs 1 through 67 as if more fully set forth herein.

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

69.  Defendant SCOTT USA, INC. sold and SWIM BIKE RUN LLC purchased a mountain bicycle. SCOTT USA, INC. is a "merchant" of mountain bicycles.

70.  When sold by SCOTT USA, INC., Defendant SSCOTT USA, INC. knew or should have known that one of the primary purpose of its mountain bicycle was for off-road trail riding.

71.  Plaintiff (and the retailer SWIM BIKE RUN LLC) relied upon the judgment of SCOTT USA, INC. that the mountain bicycle was fit for the particular purpose of off-road trail riding.

72.  When sold, the mountain bicycle was not fit for the particular purpose of off-road trail riding because its eyelet bolt had a propensity to come out in off-road or bumpy conditions, making the entire bicycle unstable and dangerous.

73.  As a result, the mountain bicycle was not fit for a particular purpose.

74.  SWIM BIKE RUN LLC ultimately sold the mountain bicycle to Plaintiff.

75.  SCOTT USA, INC. should have reasonably expected that SWIM BIKE RUN, LLC would ultimately sell the bicycle to one of its retail customers such as Plaintiff PAUL WINFREY.

76.  Within a reasonable time after Plaintiff knew or should have known that the product was not fit for its ordinary purpose, Plaintiff gave Defendant SCOTT USA, INC. notice thereof.

77. As a direct result of the mountain bicycle being unfit for the particular purpose of off-road trail riding, and as a result of the violation of the implied warranty of merchantability for a particular purpose in *Rev. Stat. Mo. Sec. 400.2-315*, Plaintiff was harmed, injured and damaged as set forth above.

78.  Vertical privity is not required to make a claim for breach of the implied warranty of merchantability for a particular purpose.

WHEREFORE, Plaintiff seeks judgment in its favor against Defendant SCOTT USA, INC. on Count VI, for compensatory damages in excess of $25,000 which are permissible for a warranty

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

violation, said amount which is fair and reasonable to compensate him for his damages and losses, court costs, pre-judgment and post-judgment interest, and such other and further relief as the Court deems just and proper.

## COUNT VII
### (SWIM BIKE RUN, LLC—Strict Product Liability as a Downstream Retail Seller of a Defective Product in the Stream of Commerce)

79.  Plaintiff incorporates by reference Paragraphs 1 through 78 as if more fully set forth herein.

80.  SWIM BIKE RUN, LLC, in the regular course of its retail business, sold the mountain bike to Plaintiff.

81.  At the time the bicycle was placed into the stream of commerce by Defendant SWIM BIKE RUN, LLC, it was then in a defectively dangerous condition when put to its ordinary, reasonable, and reasonably anticipated use.

82.  The bicycle was defectively manufactured and designed, and was defective due to the absence of warnings, all as more fully alleged above.

83.  The bicycle was used by Plaintiff in a manner reasonably anticipated by Defendant SWIM BIKE RUN, LLC.

84.   Plaintiff was damaged as a direct and proximate result of such defective condition as existed when the bicycle was sold by Defendant SWIM BIKE RUN LLC—namely, the eyelet bolt was not properly assembled and there were insufficient warnings of the dangerous and defective condition of the bicycle.

85.  The defect in the manufacture, design, and warnings of the Plaintiff's mountain bicycle proximately and directly caused and/or directly contributed to cause Plaintiff's injuries and damages, which include:

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

(a) fracture of navicular scaphoid bone of right wrist;

(b) fracture of distal pole of navicular scaphoid bone of left wrist;

(c) sprain of right and left wrists;

(d) contusions and bruises, including a contusion to the left foot;

(e) lacerations, including a laceration on the head;

(f) the need for past and future medical treatment, including emergency care;

(g) the incurring of both past and future medical bills;

(h) lost wages and impairment of future lost wages;

(i) past and future impairment of enjoyment of life;

(j) past and future pain and suffering;

(k) past and future emotional distress;

(l) other non-economic damages.

WHEREFORE, Plaintiff prays for judgment in his favor against Defendant SWIM BIKE RUN, LLC on Count VII, for compensatory damages in excess of $25,000 in an amount which is fair and reasonable to compensate him for his damages and losses, court costs, pre-judgment and post-judgment interest, and such other and further relief as the Court deems just and proper.

<u>COUNT VIII</u>
(Defendant SWIM BIKE RUN LLC--Breach of Implied Warranty of Merchantability for its Ordinary Purposes under Missouri Uniform Commercial Code *Rev. Stat. Mo. Sec. 4.2-314*)

86.  Plaintiff incorporates Paragraphs 1 through 85 as if more fully set forth herein.

87. SWIM BIKE RUN LLC is a "merchant" of bicycles.

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

88.  *Rev. Stat. Mo. Sec. 400.2-314* requires that all goods sold by a merchant must be "merchantable" for their ordinary purposes.

89.  Defendant SWIM BIKE RUN LLC sold and Plaintiff purchased the mountain bicycle.

90.  When the bicycle was sold by SWIM BIKE RUN LLC, the mountain bicycle was not fit for one of its ordinary purposes, which was riding on off-road trails.  As a result, the mountain bicycle was not merchantable.

91.  Plaintiff used the bicycle for one of its ordinary purposes, namely off-road trail riding.

92.  Within a reasonable time after Plaintiff knew or should have known that the product was not fit for its ordinary purpose, Plaintiff gave Defendant SWIM BIKE RUN LLC notice thereof.

93. As a direct result of the mountain bicycle being unfit for one of its ordinary purposes, and as a result of the violation of the implied warranty of merchantability for its ordinary purposes in *Rev. Stat. Mo. Sec. 400.2-314*, Plaintiff was harmed, injured and damaged as set forth above.

WHEREFORE, Plaintiff seeks judgment in its favor against Defendant SWIM BIKE RUN, LLC on Count VIII, for compensatory damages which are permissible for a warranty violation, for a reasonable amount in excess of $25,000, said amount which is fair and reasonable to compensate him for his damages and losses, court costs, pre-judgment and post-judgment interest, and such other and further relief as the Court deems just and proper.

## COUNT IX
(SWIM BIKE RUN, LLC--Breach of the Implied Warranty of Fitness for a Particular Purpose Under Missouri Uniform Commercial Code *Rev. Stat. Mo. Sec. 400.2-315*)

94.  Plaintiff incorporates Paragraphs 1 through 93 as if more fully set forth herein.

95.  Defendant SWIM BIKE RUN, LLC sold and PLAINTIFF purchased a mountain bicycle. 96. SWIM BIKE RUN LLC is a "merchant" of mountain bicycles.

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

96.  When the bicycle was sold by SWIM BIKE RUN, LLC, Defendant SWIM BIKE RUN LLC knew or should have known that one of the primary purpose of its mountain bicycle was for off-road trail riding.

97.  Plaintiff relied upon the judgment of SWIM BIKE RUN LLC that the mountain bicycle was fit for the particular purpose of off-road trail riding.

98.  When the mountain bicycle was sold, the mountain bicycle was not fit for the particular purpose of off-road trail riding because its eyelet bolt had a propensity to come out in off-road or bumpy conditions, making the entire bicycle unstable and dangerous.

99.  As a result, the mountain bicycle was not fit for a particular purpose.

100.  Within a reasonable time after Plaintiff knew or should have known that the product was not fit for its ordinary purpose, Plaintiff gave Defendant SWIM BIKE RUN LLC notice thereof.

101. As a direct result of the mountain bicycle being unfit for the particular purpose of off-road trail riding, and as a result of the violation of the implied warranty of merchantability for a particular purpose in *Rev. Stat. Mo. Sec. 400.2-315*, Plaintiff was harmed, injured and damaged as set forth above.

WHEREFORE, Plaintiff seeks judgment in its favor against Defendant SWIM BIKE RUN, LLC on Count IX, for compensatory damages in excess of $25,000 which are permissible for a warranty violation, said amount which is fair and reasonable to compensate him for his damages and losses, court costs, pre-judgment and post-judgment interest, and such other and further relief as the Court deems just and proper.

<u>COUNT X</u>
(SWIM BIKE RUN, LLC—Negligence)

102.  Plaintiff incorporates by reference Paragraphs 1 through 101 as if more fully set forth herein.

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

103.  As a retail seller of bicycles, Defendant SWIM BIKE RUN LLC owed a duty of care to its bicycle purchasers and customers to make sure that the bicycles being purchased by those customers were reasonably safe for their ordinary and reasonably anticipated use, and to warn its customers purchasing bicycles of any known or anticipated dangers.

104.  Defendant SWIM BIKE RUN, LLC breached that duty of ordinary care, and was negligent and careless in one or more of the following respects:

> (a)  failing to properly adjust the bicycle to the rider's weight, sitting posture, and intended use;
>
> (b) failing to inspect the bicycle before sale to Plaintiff;
>
> (c) poorly performing the job of inspection prior to sale to Plaintiff;
>
> (d) poorly performing the job of inspection after the sale to Plaintiff;
>
> (e) failing to properly warn the Plaintiff both before and after the sale that the bicycle's eyelet bolt could come loose and cause serious injury;
>
> (f) failing to give other appropriate warnings so as to avoid injury.

105.  As a direct and proximate result of the aforesaid negligence of Defendant SWIM BIKE RUN, LLC, Plaintiff was damaged, as set forth more particularly above.

WHEREFORE, Plaintiff seeks judgment in its favor against Defendant SWIM BIKE RUN, LLC Count X, for compensatory damages in excess of $25,000 in an amount which is fair and reasonable to compensate him for his damages and losses, court costs, pre-judgment and post-judgment interest, and such other and further relief as the Court deems just and proper.

Electronically Filed - St Louis County - April 19, 2021 - 06:16 PM

Respectfully Submitted,

/s/ John F. Medler, Jr.

John F. Medler, Jr.    MO Bar #38533
THE MEDLER LAW FIRM APC
2030 Main Street Suite 1300
Irvine CA 92614
(949)-260-4940 (office)
(949)-260-4944 (fax)
(314)-210-4745 (cell)
john@medlerlawfirm.com (email)
*Counsel for Plaintiff PAUL WINFREY*

Electronically Filed - St Louis County - April 21, 2021 - 03:07 PM

**In the**

# CIRCUIT COURT

**Of St. Louis County, Missouri**

⌐                    For File Stamp Only        ¬

 PAUL WINFREY
Plaintiff/Petitioner

___April 21, 2021___
Date

vs.

___21SL-CC01759___
Case Number

 SCOTT USA, INC. ET AL.
Defendant/Respondent

___15___
Division

L                                              ⌐

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  PLAINTIFF _____, pursuant
                        Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 Front Range Legal Process Svc PO Box 702172 Salt Lake City UT 84170 1-888-387-3783
Name of Process Server                    Address                                    Telephone

_____
Name of Process Server                    Address or in the Alternative             Telephone

_____
Name of Process Server                    Address or in the Alternative             Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                    SERVE:
 SCOTT USA, INC.                          _____
Name                                      Name
 Serve CT Coporation System               _____
Address                                   Address
 1108 So Union Ave Midvale UT 84047        _____
City/State/Zip                            City/State/Zip

SERVE:                                    SERVE:
_____              _____
Name                                      Name
_____              _____
Address                                   Address
_____              _____
City/State/Zip                            City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk              /s/ JOHN F MEDLER, JR.
                                          Signature of Attorney/Plaintiff/Petitioner
                                           38533
By    */s/Molly Thal*                     Bar No.
      Deputy Clerk                         2030 Main St Ste 1300 Irvine CA 92614
      04/22/2021                          Address
_____              (949) 260-4940        (949) 260-4944
Date                                      Phone No.              Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - April 21, 2021 - 03:07 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - April 21, 2021 - 03:07 PM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

For File Stamp Only

_PAUL WINFREY_
Plaintiff/Petitioner

_April 21, 2021_
Date

vs.

_21SL-CC01759_
Case Number

_SCOTT USA, INC, ET AL._
Defendant/Respondent

_15_
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _PLAINTIFF_ _____, pursuant

Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Front Range Legal Process Svc PO Box 702172 Salt Lake City UT 84170 1-888-387-3783_

| Name of Process Server | Address | Telephone |

| Name of Process Server | Address or in the Alternative | Telephone |

| Name of Process Server | Address or in the Alternative | Telephone |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
_SCOTT USA, INC._
Name
_Serve CT Coporation System_
Address
_1108 So Union Ave Midvale UT 84047_
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER**, Circuit Clerk

/s/ JOHN E MEDLER, JR.
Signature of Attorney/Plaintiff/Petitioner

By _____
Deputy Clerk

_38533_
Bar No.
_2030 Main St Ste 1300 Irvine CA 92614_
Address
_(949) 260-4940          (949) 260-4944_
Phone No.                Fax No.

_____
Date

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - April 21, 2021 - 03:07 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS        Rev. 07/19

Electronically Filed - St Louis County - April 21, 2021 - 03:05 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

__PAUL WINFREY__
Plaintiff/Petitioner

__April 21, 2021__
Date

__21SL-CC01759__
Case Number

vs.

__15__
Division

__SCOTT USA, INC. ET AL,__
Defendant/Respondent

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __PLAINTIFF_____, pursuant
                        Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
__Robert Pedrolli Eastern MO Legal Svcs 130 S Bemiston Ste 300 St Louis MO 63105 314-775-4948__
Name of Process Server                              Address                                      Telephone

_____
Name of Process Server                     Address or in the Alternative                         Telephone

_____
Name of Process Server                     Address or in the Alternative                         Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                              SERVE:
__SWIM, BIKE, RUN, LLC__                            _____
Name                                                Name
__Serve Sally Drake or any Managing Agent__         _____
Address                                             Address
__14830 Clayton Rd Chesterfield MO 63017__          _____
City/State/Zip                                      City/State/Zip

SERVE:                                              SERVE:
_____                       _____
Name                                                Name
_____                       _____
Address                                             Address
_____                       _____
City/State/Zip                                      City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By ___/s/Molly Thal_____
    Deputy Clerk

__04/22/2021__
Date

__/s/ JOHN F MEDLER, JR.__
Signature of Attorney/Plaintiff/Petitioner
__38533__
Bar No.
__2030 Main St Ste 1300 Irvine CA 92614__
Address
__(949) 260-4940__        __(949) 260-4944__
Phone No.                 Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - April 21, 2021 - 03:05 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - April 21, 2021 - 03:05 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

 PAUL WINFREY
**Plaintiff/Petitioner**

vs.

 SCOTT USA, INC. ET AL.
**Defendant/Respondent**

For File Stamp Only

 April 21, 2021
Date

 21SL-CC01759
Case Number

 15
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  PLAINTIFF                                                      , pursuant
                                    Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 Robert Pedrolli Eastern MO Legal Svcs 130 S Bemiston Ste 300 St Louis MO 63105 314-775-4948
Name of Process Server                          Address                                      Telephone

Name of Process Server                          Address or in the Alternative                Telephone

Name of Process Server                          Address or in the Alternative                Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
 SWIM, BIKE, RUN, LLC
Name                                            Name
 Serve Sally Drake or any Managing Agent
Address                                         Address
 14830 Clayton Rd Chesterfield MO 63017
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

                                                 /s/ JOHN F MEDLER, JR.
                                                Signature of Attorney/Plaintiff/Petitioner
                                                 38533
By _____                  Bar No.
Deputy Clerk                                     2030 Main St Ste 1300 Irvine CA 92614
                                                Address
_____                      (949) 260-4940        (949) 260-4944
Date                                            Phone No.                          Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - April 21, 2021 - 03:05 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>WILLIAM M. CORRIGAN JR. | Case Number:  21SL-CC01759 |
|---|---|
| Plaintiff/Petitioner:<br>PAUL WINFREY | Plaintiff's/Petitioner's Attorney/Address<br>JOHN F MEDLER JR<br>2030 MAIN ST<br>SU 1300<br>IRVINE, CA  92614 |
| vs. | |
| Defendant/Respondent:<br> SCOTT USA, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:**  SWIM BIKE RUN LLC<br>Alias: | |

**SALLY DRAKE, R.A.**
**14830 CLAYTON RD**
**CHESTERFIELD, MO  63017**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>22-APR-2021</u>
**Date**
_____
**Clerk**

**Further Information:**
**MT**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                          Date                                                      Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
### Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

### For more information call: 314-615-8029





# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>WILLIAM M. CORRIGAN JR. | Case Number:  21SL-CC01759 |
|---|---|
| Plaintiff/Petitioner:<br>PAUL WINFREY | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN F MEDLER JR<br>2030 MAIN ST<br>SU 1300<br>IRVINE, CA  92614 |
| **vs.** | |
| Defendant/Respondent:<br>SCOTT USA, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   SCOTT USA, INC.
Alias:

CT CORPORATION SYSTEM
1108 SOUTH UNION AVE
MIDVALE, UT 84047

THE CORPORATION TRUST COMPANY
1209 ORANGE ST
WILMINGTON, DE  19801

*COURT SEAL OF*

*ST. LOUIS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**

**SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>22-APR-2021</u>
Date
Further Information:
MT

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
*(Seal)*   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| **Service Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE")</u>:** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial</u>:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial</u>:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73