**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

PAUL WINFREY,                            )
                                         )
         Plaintiff,                )
                                           )
      vs.                               )          Case No. 4:21-cv-00555-MTS
                                           )
SCOTT USA, INC., *et al.*,           )
                                           )
         Defendants.            )

## MEMORANDUM AND ORDER

This case is before the Court on review of its jurisdiction. *See Bueford v. Resolution Tr. Corp.*, 991 F.2d 481, 485 (8th Cir. 1993) (noting lack of subject matter jurisdiction "may be raised at any time by a party to an action, or by the court *sua sponte*"). Federal district courts have original jurisdiction under 28 U.S.C. § 1332 over all civil actions where the matter in controversy exceeds $75,000 and there exists complete diversity among the parties—that is, "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019) (quoting *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). Plaintiff, Paul Winfrey, a Missouri citizen, filed this case in the Twenty-First Judicial Circuit Court of Missouri against Scott USA, Inc. ("Scott USA") and Swim Bike Run, LLC ("Swim Bike Run") on April 19, 2021. Doc. [1] ¶¶ 1, 4. Defendant Scott USA removed the case to this Court even though complete diversity is lacking in that both Plaintiff and Defendant Swim Bike Run are citizens of Missouri. Originally, Scott USA put forward a baseless argument for the Court's jurisdiction in this case. *See* Doc. [1]. Though complete diversity among the parties was lacking, Scott USA advised that the Court should simply ignore Defendant Swim Bike Run's diversity-defeating citizenship since

Swim Bike Run had not been served at the time Scott USA filed its Notice of Removal.  That argument approached frivolous.[1]

A few days later, Scott USA filed an Amended Notice of Removal "in order to clarify the basis on which this Court has diversity jurisdiction over this action."  Doc. [8] at 1 n.1.  The Amended Notice did not clarify the basis but rather put forward an entirely different basis.  Now, Scott USA states that the Court should ignore Defendant Swim Bike Run's diversity-defeating citizenship "for purposes of removal" because Swim Bike Run "is not a proper defendant in this matter."  *Id.* ¶ 6.  Scott USA states, without any support whatsoever, that "Swim Bike Run, LLC does not currently own or operate" the store where "Plaintiff alleges he purchased the bicycle at issue."  Scott USA added that, "upon information and belief," Swim Bike Run "did not own or operate Swim Bike Run Chesterfield when Plaintiff purchased the bicycle at issue."  *Id.* ¶ 8.  Therefore, Scott USA concludes, Swim Bike Run "is not a proper defendant."  *Id.*

Scott USA's latest argument is one of fraudulent joinder.  "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."  *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002).  Scott USA, however, submitted nothing to substantiate its claims, even though it had the burden to establish this Court's jurisdiction by a preponderance of the evidence.  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Hutchen v. Wal-Mart Stores E. I, LP*, 555 F. Supp. 2d 1013, 1017 (E.D. Mo. 2008) ("When a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud.").  Indeed, it even

---

[1] *See Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir. 1981) ("[A] court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service."); *Hinkle v. Norfolk S. Ry. Co.*, No. 4:05-cv-1867-CAS, 2006 WL 2521445, at *2 (E.D. Mo. Aug. 29, 2006) ("[T]he mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal."); *Hampton v. Willow Grove Park Mall*, No. 2:20-cv-04298-JDW, 2020 WL 6200298, at *2 (E.D. Pa. Oct. 22, 2020) (rejecting identical argument and noting that, if allowed, such a practice would make a "mockery of the concept of limited jurisdiction for federal courts").

- 3 -

qualified one of its bare allegations—that Defendant Swim Bike Run did not own or operate the Swim Bike Run store at issue—with "upon information and belief."  Doc. [8] ¶ 8.

The Court concludes Scott USA has failed to meet its burden in this, its second attempt at justifying removal.  *See Gen., LLC. v. Ryder Vehicle Sales, LLC.*, No. 4:19-cv-2557-JCH, 2020 WL 1031038, at *1 (E.D. Mo. Mar. 2, 2020) (considering merits of fraudulent joinder argument at *sua sponte* determination of court's jurisdiction).  The Court will order Scott USA to show cause why this case should not be remanded to the Twenty-First Judicial Circuit Court of Missouri.  *See* 28 U.S.C. § 1447(c) (providing that district courts "shall" remand a case removed from state court if at any time before final judgment "it appears the district court lacks subject matter jurisdiction"); *Prempro Prods. Liab. Litig.*, 591 F.3d at 620 ("All doubts about federal jurisdiction should be resolved in favor of remand to state court.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Scott USA, Inc., within ten (10) days of the date of this Order, shall show cause why this case should not be remanded to the Twenty-First Judicial Circuit Court of Missouri.

Dated this 25th day of May, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 3 -